UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL URBAN LEAGUE, *et al.*,

*Plaintiffs*,

v.

DONALD J. TRUMP, *et al.*,

*Defendants*.

Civil Action No. 25-471 (LLA)

# ORDER

On February 19, 2025, Plaintiffs filed this case challenging Executive Order No. 14,151, 90 Fed. Reg. 8339; Executive Order No. 14,168, 90 Fed. Reg. 8615; and Executive Order No. 14,173, 90 Fed. Reg. 8633. ECF No. 1. They simultaneously filed a notice stating that the case was related to *National Council of Nonprofits v. Office of Management and Budget*, No. 25-CV-239. ECF No. 2. As a result, this case was directly assigned to the undersigned under Local Civil Rule 40.5(c)(1).

The *National Council of Nonprofits* case concerns the Office of Management and Budget's Memorandum M-25-13, which directed federal agencies to "temporarily pause all activities related to [the] obligation or disbursement of all Federal financial assistance, and other relevant agency activities that may be implicated by" certain executive orders. *Off. of Mgmt. & Budget, Exec. Off. of the President, Temporary Pause of Agency Grant, Loan, and Other Financial Assistance Programs* (Jan. 27, 2025), https://perma.cc/69QB-VFG8 ("OMB Pause Memorandum"). Executive Orders 14,151 and 14,168—two of the three executive orders challenged in this matter—are among the executive orders mentioned in the OMB Pause Memorandum. *See* OMB

Pause Memorandum at 1-2.  However, the plaintiffs in *National Council of Nonprofits* do not directly challenge those orders.  *See Nat'l Council of Nonprofits*, No. 25-CV-239, ECF No. 30, at 17-19.

Because it was not obvious that the claims presented in this case were related to those in *National Council of Nonprofits*, the court ordered Plaintiffs to show cause as to why this case should not be randomly reassigned and further ordered Defendants to file a reply to Plaintiffs' response.  *See* Feb. 19, 2025 Minute Order.  In their response, Plaintiffs argue that this case and *National Council of Nonprofits* "share common factual issues and arise out of a common event or transaction . . . such that judicial economy would be served by having these matters resolved by the same judge."  ECF No. 11, at 8 (quoting *Autumn Journey Hospice, Inc. v. Sebelius*, 753 F. Supp. 2d 135, 140 (D.D.C. 2010)).  In their reply, Defendants assert that the cases are not related because they "are brought by different plaintiffs against almost entirely different sets of defendants, and each challenges . . . discrete poli[cies]."  ECF No. 18, at 2 (alteration in original) (quoting *AIDS Vaccine Advoc. Coal. v. Dep't of State*, No. 25-CV-400, ECF No. 12, at 3 (D.D.C. Feb. 11, 2025)).

Upon consideration of the parties' responses to the court's show-cause order, the court concludes that this case is not related to *National Council of Nonprofits*.  Local Civil Rule 40.5(a)(3) provides that "[c]ivil, including miscellaneous, cases are deemed related when the earliest is still pending on the merits in the District Court and they (i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction[,] or (iv) involve the validity or infringement of the same patent."  "The party requesting related-case designation and seeking to avoid random assignment bears the burden of showing that the cases are related under a provision of Local Civil [Rule] 40.5."  *Autumn Journey Hospice, Inc.*, 753 F.

Supp. 2d at 140 (quoting *Jud. Watch, Inc. v. Rossotti*, No. 02-CV-928, 2002 WL 31100839, at *1 (D.D.C. Aug. 2, 2002)).

Plaintiffs have not carried their burden. The instant matter and *National Council of Nonprofits* are brought by different sets of plaintiffs, have only two defendants in common, and challenge discrete policies.[1] Plaintiffs contend that the two cases should nevertheless be designated as related because both (1) are brought by similarly situated "non-profits that 'receive federal funding in the form of grants and/or contracts and rely on that federal funding to continue carrying out their mission-driven work,'" ECF No. 11, at 5 (quoting ECF No. 1 ¶ 2); and (2) "involve resolution of common factual and legal questions, such as whether OMB Memo M-25-13 was a final agency action, whether the agency action was contrary to the [C]onstitution [and] infring[ed] upon plaintiffs' First Amendment rights, and whether it caused similar harm to the similarly-situated [p]laintiffs," ECF No. 11, at 7. While correct as a factual matter, these statements do not capture the full picture of Plaintiffs' suit. The central question in the present action is the legality of three Executive Orders, none of which are at issue in *National Council of Nonprofits*. While Plaintiffs also seek relief concerning any agency actions that "implement[]" those orders, ECF No. 1, at 99, which could include the OMB Pause Memorandum, the OMB Pause Memorandum is not the gravamen of their case. In similar situations where a later-filed case is broader in scope than the earlier-filed one, courts have routinely deemed the cases not related. *See, e.g.*, *Haitian Bridge Alliance v. Biden*, No. 21-CV-3317, 2022 WL 2132439, at *3 (D.D.C. June 14, 2022).

---

[1] Defendants in *National Council of Nonprofits* are the OMB and, by operation of Federal Rule of Civil Procedure 25(d), its current director, Russell Vought. *See Nat'l Council of Nonprofits*, No. 25-CV-239, ECF No. 1. Plaintiffs in the instant matter have named twenty-five Defendants in addition to the OMB and Director Vought. ECF No. 1.

The random assignment of cases is important because it "guarantees fair and equal distribution of cases to all judges, avoids public perception or appearance of favoritism in assignments, and reduces opportunities for judge-shopping." *Tripp v. Exec. Off. of the President*, 196 F.R.D. 201, 202 (D.D.C. 2000).  While "the interests of judicial economy served by the related case rule" may sometimes "outweigh the fundamental interests served by the random assignment rule[,] . . . [i]n light of the tenuous relationship of the claims in these two cases, this is not such an instance." *Lucas v. Barreto*, No. 04-CV-1262, 2005 WL 607923, at *3 (D.D.C. Mar. 16, 2005).

Because the court concludes that this case is not related to *National Council of Nonprofits*, it is hereby **ORDERED** that the Clerk of Court shall transfer this case to the Calendar and Case Management Committee for random reassignment.

**SO ORDERED.**

_____
LOREN L. ALIKHAN
United States District Judge

Date: February 21, 2025