UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

NATIONAL URBAN LEAGUE, et al.,

    *Plaintiffs,*

v.

DONALD J. TRUMP, et al.,

    *Defendants.*

Civil Action No. 25-cv-00471

ORAL ARGUMENT REQUESTED

### PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Pursuant to Federal Rule of Civil Procedure 65 and Local Civil Rule 65.1, Plaintiffs National Urban League ("NUL"), National Fair Housing Alliance ("NFHA"), and AIDS Foundation of Chicago ("AFC") (collectively "Plaintiffs") hereby move for a preliminary injunction prohibiting Defendants[1] from enforcing and implementing key provisions of Executive Order Nos. 14151,[2] 14168,[3] and 14173[4] issued by Defendant Donald J. Trump (collectively, "the Executive Orders"), which impose various restrictions on speech and conduct relating to diversity, equity, inclusion, accessibility, and gender.

As set out in the attached Memorandum in Support of Plaintiffs' Motion for Preliminary Injunction (the "Memorandum"), the Executive Orders violate the Constitution of the United States. Section 2(b)(i) (the "Equity Termination Provision") and Section § 2(b)(ii)(C) (the "List

---

[1] Plaintiffs do not move for a preliminary injunction as to Defendant Donald J. Trump.

[2] Exec. Order No. 14151, *Ending Radical and Wasteful Government DEI Programs and Preferencing*, 90 Fed. Reg. 8339 (Jan. 20, 2025).

[3] Exec. Order No. 14168, *Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government*, 90 Fed. Reg. 8615 (Jan. 20, 2025).

[4] Exec. Order No. 14173, *Ending Illegal Discrimination and Restoring Merit-Based Opportunity*, 90 Fed. Reg. 8633 (Jan. 21, 2025).

Provision") of Executive Order No. 14151; Section 3(e) (the "Gender Termination Provision") and Section 3(g) (the "Gender Promotion Provision") of Executive Order No. 14168; and Section 3(c)(ii) (the "DEIA Principles Provision"), Section 3(c)(iii) (the "Diversity Termination Provision"), Section 3(b)(iv) (the "Certification Provision"), and Section 4(b) (the "Enforcement Threat Provision") of Executive Order No. 14173 violate core requirements of due process under the Fifth Amendment, while also discriminating against Plaintiffs on the basis of viewpoint and chilling their speech in violation of the Free Speech Clause of the First Amendment.[5]

These unconstitutional provisions of the Executive Orders have no place in our democracy. The issuance of the Executive Orders and the subsequent actions taken by Defendants have caused, and continue to cause, irreparable injury to Plaintiffs.  Plaintiffs therefore ask that the Court enter an order enjoining Defendants from enforcing and implementing the above provisions in the Executive Orders.  A proposed order is attached for the Court's convenience.

In support of this Motion, Plaintiffs rely upon the accompanying Memorandum, declarations, and exhibits, as well as any additional submissions and argument that may be considered by the Court.

### REQUEST FOR EXPEDITION PURSUANT TO LOCAL RULE 65.1(d)

Pursuant to Local Civil Rule 65.1(d), Plaintiffs respectfully request that the Court schedule a hearing on this motion for a preliminary injunction at the Court's earliest convenience, and no later than March 21, 2025.  As further explained in the accompanying Memorandum, expedition is warranted to prevent further irreparable harms, including injuries to Plaintiffs' organizational programs and missions and the unconstitutional chilling effects on their protected speech inflicted

---

[5] Plaintiffs only move for a preliminary injunction as to the DEIA Principles Provision on grounds that it violates the Fifth Amendment, and as to the Gender Termination Provision on grounds that it violates the First Amendment.

by the Executive Orders and Defendants' subsequent actions. Defendants' actions place Plaintiffs at imminent risk of losing federal funding that fuels their work on behalf of vulnerable communities. Defendants have already begun threatening Plaintiffs' funds pursuant to the Executive Orders. If Plaintiffs lose access to such funds, then they will be forced to reduce programming, lay off staff, and curtail important services, thereby frustrating Plaintiffs' programs and harming the communities they serve.

## STATEMENT PURSUANT TO LOCAL CIVIL RULE 7(m)

Pursuant to Local Civil Rule 7(m), Plaintiffs' counsel conferred with Defendants' counsel to determine if Defendants would consent to the relief requested in this motion. Defendants' counsel informed Plaintiffs' counsel by email that Defendants do not consent.

Dated: February 28, 2025

Respectfully submitted,

/s/ *Stacey K. Grigsby*

Jin Hee Lee, DC Bar No. 1740850
Gabriel Diaz, DC Bar No. 991618
Donya Khadem, DC Bar No. 1719557
NAACP LEGAL DEFENSE &
   EDUCATIONAL FUND, INC.
700 14th Street NW, Suite 600
Washington, DC 20005
(202) 682-1300
jlee@naacpldf.org
gdiaz@naacpldf.org
dkhadem@naacpldf.org

Leah Wong
NAACP LEGAL DEFENSE &
   EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200
lzwong@naacpldf.org

Camilla B. Taylor, DC Bar No. IL0098
Kenneth D. Upton, Jr., DC Bar No. 1658621

Stacey K. Grigsby, DC Bar No. 491197
Sarah E. Harrington, DC Bar No. 219218
Alison DiCiurcio, DC Bar No. 1601410
COVINGTON & BURLING LLP
850 Tenth Street, NW
Washington, DC 20001
(202) 662-6000
sgrigsby@cov.com
sharrington@cov.com
adiciurcio@cov.com

Nicholas E. Baer, DC Bar No. 1672517
James H. Fitch, DC Bar No. 1780894
COVINGTON & BURLING LLP
620 Eighth Avenue
New York, NY 10018
(212) 841-1000
nbaer@cov.com
jhfitch@cov.com

3

LAMBDA LEGAL DEFENSE AND
     EDUCATION FUND, INC.
3656 North Halsted Street
Chicago, IL 60613
(312) 605-3225
ctaylor@lambdalegal.org
kupton@lambdalegal.org

Jose Idio Abrigo
LAMBDA LEGAL DEFENSE AND
     EDUCATION FUND, INC.
120 Wall Street, 19th Floor
New York, NY 10005
(646) 307-7406
jabrigo@lambdalegal.org

Pelecanos
LAMBDA LEGAL DEFENSE AND
     EDUCATION FUND, INC.
800 South Figueroa Street, Suite 1260
Los Angeles, CA 90017*
(323) 370-6909
pelecanos@lambdalegal.org

*Address for mailing purposes only

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on February 28, 2025, the foregoing Plaintiffs' Motion for Preliminary Injunction was filed through the CM/ECF system and sent electronically to the participants identified on the Notice of Electronic Filing.

                                                      */s/ Stacey K. Grigsby*
                                                      Stacey K. Grigsby (DC Bar No. 491197)
                                                      Covington & Burling LLP