IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| National Urban League, *et al.*,<br><br>   Plaintiffs,<br><br>   v.<br><br>Donald J. Trump, in his official capacity as President of the United States, *et al.*,<br><br>   Defendants. | Case No. 25-cv-471 |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants respectfully file a notice of supplemental authority in connection with Plaintiffs' pending Motion for a Preliminary Injunction. *See* ECF No. 29.

On March 14, 2025, the United States Court of Appeals for the Fourth Circuit unanimously granted defendants' motion for a stay of the preliminary injunction in *Nat'l Ass'n of Diversity Officers in Higher Educ. v. Trump* ("*Diversity Officers*"), No. 25-1189, ECF No./Doc. No. 29 (4th Cir. Mar. 24, 2025) (attached hereto as Exhibit A). In doing so, the panel concluded that "the entire substance of the preliminary injunction must be stayed, not just trimmed back in scope." *Id.* at 9 (Rushing, J., concurring).

The members of the panel in their separate concurrences explained that the government had shown a likelihood of success. *See id.* at 9 (Rushing, J., concurring) (explaining that the mere fact that plaintiffs challenge the Executive Orders—as opposed to "particular agency action implementing the Executive Orders"—"highlights serious questions about the ripeness of this lawsuit and plaintiffs' standing to bring it as an initial matter"); *id.* at 8 (Harris, J., concurring)

("This case, however, does not directly challenge any [agency enforcement] action, and I therefore concur."); *id.* at 4-5 n.2 (Diaz, CJ., concurring) (joining Judge Harris' concurrence and further noting that "[a]t this preliminary stage of the litigation, where the Orders only purport to direct executive policy and actors, [the panel] do[es] [not] find vagueness principles outcome determinative"). As Judge Rushing stated, "the judges on th[e] panel unanimously agree[d] that . . . . the government is likely to succeed in demonstrating that the challenged provisions of the Executive Orders—all of which are directives from the President to his officers—do not violate the First or Fifth Amendments." *Id.* at 9 (Rushing, J., concurring). Finally, as Judge Harris' concurrence explains, the Certification and Reporting provisions "apply only to conduct that violates existing federal anti-discrimination law . . . . [and] the Orders [do not] authorize the termination of grants based on a grantee's speech or activities outside the scope of the funded activities." *Id.* at 7 (Harris, J., concurring).

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

JOSEPH E. BORSON
Assistant Branch Director

*/s/ Pardis Gheibi*
PARDIS GHEIBI (D.C. Bar No. 90004767)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 305-3246
Email: pardis.gheibi@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2025, I electronically filed this document with the Court by using the CM/ECF system, and that this document was distributed via the Court's CM/ECF system.

<u>*/s/ Pardis Gheibi*</u>