UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

NATIONAL URBAN LEAGUE, et al.,

    *Plaintiffs,*

v.

DONALD J. TRUMP, et al.,

    *Defendants.*

Civil Action No. 25-cv-00471

**PLAINTIFFS' RESPONSE TO MARCH 24, 2025 ORDER**

Plaintiffs submit the following response to the Court's March 24, 2025 Order directing the parties to set forth any additional information about how the challenged Executive Orders apply to the D.C. Department of Transportation ("DDOT") and their respective positions concerning whether Judge Kelly is required to recuse himself from this case in light of his wife's position as Director of DDOT.

    1.    The Court first directed the parties to provide "any additional information they have about how the challenged executive orders might apply to the District of Columbia Department of Transportation." Plaintiffs have no independent knowledge of the extent or type of federal grant funds that DDOT receives. Plaintiffs also have no knowledge of whether the federal government has enforced or plans to enforce any of the challenged provisions against DDOT. The federal government provides contracts and grants to D.C. agencies, including DDOT, and is implementing the Executive Orders at issue. Thus, Defendants are better positioned than Plaintiffs to provide the information the Court requests. Relying on DDOT's website, Plaintiffs herein provide publicly available information that may be relevant to the Court's inquiry.

1

As discussed in Plaintiffs' March 24, 2025 Notice, DDOT appears to receive multiple federal grants worth many millions of dollars annually.[1] At least two of those grants are designated as serving the "moveDC goal" of "Equity."[2] On the face of the challenged Executive Orders, that funding could be implicated, although the terms and precise purposes of those grants are unknown to Plaintiffs. DDOT's website provides information about its commitment to "transportation equity" and the "diversity" of the Department.[3] DDOT's website also provides information about its Transportation Equity and Inclusion Division, which administers policies related to civil rights,[4] and its program for Disadvantaged Business Enterprises, a statutory program through which it receives federal funds.[5] Plaintiffs have no further information about these or any other equity-related programs or activities at DDOT. Because the scope of the Equity and Diversity Termination Provisions in the challenged Orders is unclear and their terms, including the meaning

---

[1] *See Budget & Forecast*, District Department of Transportation, https://dataviz1.dc.gov/t/OCTO/views/CombinedCapitalProjectFundingTableFY2025/ComboCapitalBudgetFY25Dash?%3AshowAppBanner=false&%3Adisplay_count=n&%3AshowVizHome=n&%3Aorigin=viz_share_link&%3Aembed=yes&%3Atoolbar=no (last visited Mar. 25, 2025).

[2] *Id.*

[3] *About DDOT*, District Department of Transportation, https://ddot.dc.gov/page/about-ddot (last visited Mar. 25, 2025).

[4] *Transportation Equity and Inclusion Division*, District Department of Transportation, https://ddot.dc.gov/service/transportation-equity-and-inclusion-division (last visited Mar. 25, 2025).

[5] *Disadvantaged Business Enterprises*, District Department of Transportation, https://ddot.dc.gov/page/disadvantaged-business-enterprises (last visited Mar. 25, 2025). Congress created the Disadvantaged Business Enterprise program in the 1980s and has regularly reauthorized the program through a variety of statutes in the decades since. *See, e.g.*, Infrastructure Investment and Jobs Act, Pub. L. 117-58, § 11101(e), 135 Stat. 429, 448 (2021) (directing "the continuation of the disadvantaged business enterprise program"); *see generally* R. Corinne Blackford, Cong. Rsch. Serv., IF12055, The U.S. DOT Disadvantaged Business Enterprise Program (Apr. 24, 2023).

of "equity," are vague, Plaintiffs cannot know with certainty whether Defendants could or plan to invoke those Provisions to cancel DDOT's grants for its "equity" projects.[6]

2. The Court also directed the parties to set forth their position on whether information about the applicability of the challenged Orders to any federal funds that DDOT receives "requires the Court to recuse itself from this case." Federal law requires that judges recuse themselves under certain identified circumstances, including when a judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The D.C. Circuit has explained that this is an "objective" standard requiring recusal where "a reasonable and informed observer would question the judge's impartiality." *United States v. Microsoft Corp.*, 253 F.3d 34, 114 (D.C. Cir. 2001) (per curiam). Federal law also identifies other specific circumstances requiring recusal, including where a judge's "spouse . . . is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(5); *see also id.* § 455(b)(4) (requiring disqualification where a judge "knows that . . . his spouse . . . has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding").

Plaintiffs are not currently able to take a position on whether a conflict exists that would warrant recusal because Plaintiffs have very limited information about the extent to which DDOT receives federal funds and have no information about whether or how any Executive Branch

---

[6] The DOT Secretary issued a memorandum directing the agency to "rescind, cancel, revoke, and terminate all DOT . . . funding agreements . . . which are subject to the relevant executive orders," including the Anti-Diversity1 and Anti-Gender Orders. *See* Off. of the Sec'y of Transp., U.S. Dep't of Transp., *Memorandum for Secretarial Officers and Heads of Operating Administrations* (Jan. 29, 2025), https://www.transportation.gov/sites/dot.gov/files/2025-01/Signed%20Secretarial%20Memo_%20Implementation%20of%20Executive%20Orders%20Addressing%20Energy%20Climate%20Change%20Diversity%20and%20Gender.pdf.

agency has enforced the challenged Orders against DDOT or plans to do so in the future. Plaintiffs do not believe currently available public information, standing alone, is sufficient to warrant Judge Kelly's recusal. Plaintiffs trust that Defendants will provide a more complete picture of the relevant facts for Judge Kelly's own determination of whether any facts that come to light would establish a conflict.

Dated: March 26, 2025

Respectfully submitted,

    /s/ *Stacey K. Grigsby*

| | |
|---|---|
| Jin Hee Lee, DC Bar No. 1740850 | Stacey K. Grigsby, DC Bar No. 491197 |
| Gabriel Diaz, DC Bar No. 991618 | Sarah E. Harrington, DC Bar No. 219218 |
| Donya Khadem, DC Bar No. 1719557 | Alison DiCiurcio, DC Bar No. 1601410 |
| NAACP LEGAL DEFENSE & | COVINGTON & BURLING LLP |
|    EDUCATIONAL FUND, INC. | 850 Tenth Street, NW |
| 700 14th Street NW, Suite 600 | Washington, DC 20001 |
| Washington, DC 20005 | (202) 662-6000 |
| (202) 682-1300 | sgrigsby@cov.com |
| jlee@naacpldf.org | sharrington@cov.com |
| gdiaz@naacpldf.org | adiciurcio@cov.com |
| dkhadem@naacpldf.org | |
| | Nicholas E. Baer, DC Bar No. 1672517 |
| Leah Wong | James H. Fitch, DC Bar No. 1780894 |
| NAACP LEGAL DEFENSE & | COVINGTON & BURLING LLP |
|    EDUCATIONAL FUND, INC. | 620 Eighth Avenue |
| 40 Rector Street, 5th Floor | New York, NY 10018 |
| New York, NY 10006 | (212) 841-1000 |
| (212) 965-2200 | nbaer@cov.com |
| lzwong@naacpldf.org | jhfitch@cov.com |

Camilla B. Taylor, DC Bar No. IL0098
Kenneth D. Upton, Jr., DC Bar No. 1658621
LAMBDA LEGAL DEFENSE AND
   EDUCATION FUND, INC.
3656 North Halsted Street
Chicago, IL 60613
(312) 605-3225
ctaylor@lambdalegal.org
kupton@lambdalegal.org

Jose Idio Abrigo
LAMBDA LEGAL DEFENSE AND

  EDUCATION FUND, INC.
120 Wall Street, 19th Floor
New York, NY 10005
(646) 307-7406
jabrigo@lambdalegal.org

Pelecanos
LAMBDA LEGAL DEFENSE AND
  EDUCATION FUND, INC.
800 South Figueroa Street, Suite 1260
Los Angeles, CA 90017\*
(323) 370-6909
pelecanos@lambdalegal.org

\*Address for mailing purposes only

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on March 26, 2025, the foregoing Plaintiffs' Response to March 24, 2025 Order was filed through the CM/ECF system and sent electronically to the participants identified on the Notice of Electronic Filing.

*/s/ Stacey K. Grigsby*
Stacey K. Grigsby (DC Bar No. 491197)
Covington & Burling LLP