IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| National Urban League, *et al*., <br><br> Plaintiffs, <br><br> v. <br><br> Donald J. Trump, in his official capacity as President of the United States, *et al*., <br><br> Defendants. | Case No. 25-cv-471 |

**DEFENDANTS' RESPONSE TO THE COURT'S MARCH 24, 2025 ORDER**

During the hearing held on March 19, 2025, Judge Kelly informed the parties that his spouse is the Director of the District of Columbia Department of Transportation (DDOT). He further informed the parties that he does not currently believe that his spouse's position raises any conflicts that would warrant recusal. He further asked the parties to notify the Court by March 24 if they have any relevant information to share on the issue.

On March 24, Plaintiffs filed a notice stating that "DDOT appears to receive grants from the federal government, including the U.S. Department of Transportation." *See* ECF No. 47, at 1. Following Plaintiffs' notice, the Court ordered the parties to respond by March 26, setting forth "(1) any additional information they have about how the challenged executive orders might apply to DDOT, and (2) their position on whether that information, as well as the information contained in Plaintiffs' [47] Notice, requires the Court to recuse itself from this case." *See* March 24, 2025, Minute Order. Defendants respectfully file this response to the Court's March 24 Order.

**Current information regarding the application of the challenged provisions to DDOT:**

Defendants' counsel has conferred with Defendant agencies[1] regarding any awards, grants, or contracts with DDOT. To the best of Defendants' counsel's current knowledge, DDOT does not currently have any direct awards, grants, or contracts with any Defendant agency.[2]

Defendants' counsel also conferred with counsel at the U.S. Department of Transportation (DOT). As Plaintiffs note in their March 24 Notice, *see* ECF No. 47, as well as their March 26 Response, *see* ECF No. 48, DOT provides federal funding to DDOT through awards and grants. To the best of Defendants' counsel's current knowledge, none of DDOT's awards or grants with DOT are currently subject to termination pursuant to the at-issue Executive Orders. In entering into any future awards, grants, or contracts with DOT, DDOT may be required to make a certification pursuant to Executive Order 14,173 § 3(b)(iv)(B).

**Defendants' position on recusal by Judge Kelly:**

Based on the above information as well as the information shared by Plaintiffs, Defendants do not believe recusal is warranted at this time.

Federal judges must recuse themselves in certain instances including where a judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Additionally, a judge "shall

---

[1] Office of Management and Budget (OMB), Department of Labor (DOL), Department of Health and Human Services (HHS), Department of Commerce (DOC), Department of Housing and Urban Development (HUD), Department of Agriculture (USDA), Environmental Protection Agency (EPA), and Department of Justice (DOJ).

[2] Defendants' counsel is aware of one potentially relevant grant by USDA to the Government of D.C. awarded in September 2023 in the amount of $750,000 for five years to promote urban and community forestry as part of funding through the Inflation Reduction Act. *See* https://www.usaspending.gov/award/ASST_NON_23DG11094200380_12C2. Although the award was to the Government of D.C., USDA was aware at the time of execution of the District's intent for the DDOT Urban Forestry Division to perform the award. *See* https://ddot.dc.gov/release/ddot-receives-750000-urban-forestry-grants-us-department-agriculture.

disqualify himself" if "his spouse" "[i]s known by the judge to have an interest that could be substantially affected by the outcome of the proceeding." *Id.* § 455(b)(5)(iii). In making a recusal determination, "[a] judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is." *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988).

As outlined above, based on the current understanding of Defendants' counsel, none of the Defendant agencies have any direct awards, grants, or contracts with DDOT.[3] While DOT has direct awards and grants with DDOT, DOT is not a defendant in this suit. Defendants do not understand Plaintiffs to be seeking an injunction against DOT. *See* ECF No. 44, at 24 ("Seek[ing] an order enjoining Defendants from enforcing the provisions against themselves only."). Thus, even if the Court were to grant Plaintiffs' sought injunction in its entirety, the injunction would not constrain DOT's authority to implement the Executive Orders (with respect to DDOT or any other recipient). But in any event, even if Plaintiffs were seeking an injunction against DOT, this Court lacks jurisdiction to issue an order binding DOT or DOT's implementation of the Executive Orders. It is longstanding, black-letter law that courts "may not grant an enforcement order or injunction so broad as to make punishable the conduct of persons who act independently and whose rights have not been adjudged according to law," *Regal Knitwear Co. v. N.L.R.B.*, 324 U.S. 9, 13 (1945), and "[a]n injunction binds no person but the parties to the suit," *Osborn v. Bank of United States*, 22 U.S. 738, 802 (1824); *see also Haaland v. Brackeen*, 599 U.S. 255, 293 (2023)

---

[3] As mentioned earlier, although Defendants' counsel is aware of one potentially relevant grant between the Government of D.C. and USDA, any connection to DDOT is too attenuated and insignificant to warrant recusal. Not only is DDOT not the direct recipient, but the grant amount of $750,000 for five years (i.e. the equivalent of $150,000 annually) is plainly insignificant when compared to DDOT's annual budget, which is reportedly approximately $185 million. https://cfo.dc.gov/sites/default/files/dc/sites/ocfo/publication/attachments/ka0_ddot_chapter_202 5j.pdf. Given the relative insignificance of the grant, any disruption of it would not "substantially affect[]" DDOT. *See* 28 U.S.C. § 455(b)(5)(iii); *Cf. Caliste v. Cantrell*, 937 F.3d 525, 531 (5th Cir. 2019) (holding that 20-25% of the relevant budget is "sizable enough" to implicate a conflict).

(reaffirming this principle and stating that an injunctive or declaratory judgment entered against a nonparty is not "legally enforceable" and "is little more than an advisory opinion").

Thus, any ruling in this suit would only have remote (if any) impact on DDOT's awards and grants with DOT. Courts have routinely held that "[t]he fact that there may be *some* remote connection between a judge's interests and the case over which [the judge] presides is insufficient to require disqualification under § 455." *Armenian Assembly of Am., Inc. v. Cafesjian*, 783 F. Supp. 2d 78, 92 (D.D.C. 2011), *aff'd*, 758 F.3d 265 (D.C. Cir. 2014) (collecting cases where the interest of a judge or a judge's family member was too attenuated and speculative to warrant recusal). A connection is particularly remote where—as here—it involves a nonparty. *See In re Kan. Pub. Emps. Retirement Sys.*, 85 F.3d 1353, 1362 (8th Cir. 1996) (rejecting an invitation to "fashion a rule requiring judges to recuse themselves from all cases that might remotely affect nonparty companies in which they own stock").

In sum, based on current knowledge and information, Defendants believe any impact as a result of a ruling in this suit would be far too attenuated or insignificant to "substantially affect[],"*see* 28 U.S.C. § 455(b)(5)(iii), any of DDOT's awards or grants. As such, Defendants do not believe recusal is warranted at this time.

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

JOSEPH E. BORSON
Assistant Branch Director

*/s/ Pardis Gheibi*
PARDIS GHEIBI (D.C. Bar No. 90004767)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch

        1100 L Street, N.W.
        Washington, D.C. 20005
        Tel.: (202) 305-3246
        Email: pardis.gheibi@usdoj.gov

*Attorneys for Defendants*

-6-

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2025, I electronically filed this document with the Court by using the CM/ECF system, and that this document was distributed via the Court's CM/ECF system.

*/s/ Pardis Gheibi*