IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| National Urban League, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>Donald J. Trump, in his official capacity as President of the United States, *et al.*,<br><br>    Defendants. | Case No. 25-cv-471 |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants respectfully file a notice of supplemental authority in connection with Plaintiffs' pending Motion for a Preliminary Injunction. *See* ECF No. 29.

On April 4, 2025, the United States Supreme Court stayed the temporary restraining order in *Department of Education v. California*, No. 24A910, 604 U.S. ____ (April 4, 2025) (attached hereto as Exhibit A). There, plaintiffs challenged the termination of federal grants related to diversity, equity, and inclusion (DEI) under the Administrative Procedure Act. The Court concluded that the Government is likely to success in showing that jurisdiction over plaintiffs' suit lays in the Court of Federal Claims under the Tucker Act, 28 U.S.C. §1491 (a)(1). *See* Exhibit A at 2. This supports Defendants' argument that Plaintiffs' claims as to the Termination, Funding Gender Ideology, and Promoting Gender Identity Provisions are not ripe for review. *See* ECF No. 38 at 12-14. As the Supreme Court's order demonstrates, there are serious questions about whether this Court would have jurisdiction to review Plaintiffs' future post-termination claims. Plaintiffs should not be permitted to skirt limits on this Court's jurisdiction by simply bringing their unripe

grant-termination claims preemptively. At bottom, a request to enjoin the termination of contracts/grants—just like a request to reinstate already terminated contacts/grants—seeks, in essence, an "enforce[ment] [of the Government's] contractual obligation to pay money." Exhibit A at 2 (citation omitted).[1]

Additionally, in evaluating the remaining stay factors, the Court considered as relevant the fact that plaintiffs did "not refute[] the Government's representation that it is unlikely to recover the grant funds once they are disbursed, [that] [n]o grantee 'promised to return withdrawn funds should its grant termination be reinstated,' and the District Court declined to impose bond." *Id.* (citation omitted). This accords with Defendants' arguments on the balance of the equities and public interest. *See* ECF No. 38 at 40.

                                                    Respectfully submitted,

                                                    YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

JOSEPH E. BORSON
Assistant Branch Director

*/s/ Pardis Gheibi*
PARDIS GHEIBI (D.C. Bar No. 90004767)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 305-3246
Email: pardis.gheibi@usdoj.gov
*Attorneys for Defendants*

---

[1] Although NUL has identified one grant that has already been frozen by the EPA, it has failed to raise an as-applied challenge to the agency action—i.e. EPA's decision to freeze the grant. But even if NUL had properly raised such an as-applied challenge, as explained above, the Supreme Court's order casts doubt on this Court's jurisdiction to provide NUL's sought remedy, which—in essence—would require this Court "to enforce a contractual obligation to pay money." *Id.* (citation omitted).

## CERTIFICATE OF SERVICE

    I hereby certify that on April 7, 2025, I electronically filed this document with the Court by using the CM/ECF system, and that this document was distributed via the Court's CM/ECF system.

*/s/ Pardis Gheibi*