UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL URBAN LEAGUE, et al.<br><br>　　　　　　*Plaintiffs*,<br><br>　　v.<br><br>DONALD J. TRUMP, et al.<br><br>　　　　　　*Defendants*. | Civil Action No. 1:25-cv-00471 |

**RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs respectfully submit this Response to the Notice of Supplemental Authority filed by Defendants on April 7, 2025 (ECF No. 52), which brought to the Court's attention the U.S. Supreme Court decision in *Department of Education v. California* (*"DOE"*), No. 24A910, 604 U.S. ____ (April 4, 2025), a two-paragraph, per curiam order granting an emergency request to stay, pending appeal, a temporary restraining order that required the federal government to "pay out past-due grant obligations and to continue paying obligations as they accrue" pursuant to various federal education-related grants. ECF No. 52-1 (Ex. A) at 1.

In their Notice, Defendants suggest that two aspects of the per curiam order are relevant to Plaintiffs' pending Motion for a Preliminary Injunction ("Motion"). In reality, neither aspect has any bearing here.

First, Defendants contend that the order's discussion of subject matter jurisdiction supports Defendants' argument in this case that Plaintiffs' claims are not ripe. But that discussion of subject matter jurisdiction does not apply in this case and has no bearing on the ripeness of Plaintiffs' claims. Specifically, the per curiam order stated that the district court in the *DOE* case likely

1

lacked subject matter jurisdiction over the plaintiffs' claims under the Administrative Procedure Act ("APA") because, in the view of the five Justices who joined the order, those claims sought "to enforce a contractual obligation to pay money," and suits to enforce the federal government's contractual obligations must be brought under the Tucker Act in the Court of Federal Claims instead of under the APA in federal district court. Ex. A at 2 (quoting *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 212 (2002)).

Defendants make no meaningful effort to explain how the *DOE* per curiam order's discussion about subject matter jurisdiction is relevant here. Plaintiffs in this case seek preliminary relief on their constitutional Due Process and First Amendment claims, not under the APA. Moreover, Defendants have never suggested that Plaintiffs should have filed suit in the Court of Federal Claims rather than in this Court. Nor have Plaintiffs sought preliminary injunctive relief to require the government to pay money to Plaintiffs pursuant to any contract terms, as the per curiam order preliminarily concluded the plaintiff States did in *DOE*. Rather, Plaintiffs seek an injunction preventing the government from taking actions that would violate Plaintiffs' constitutional rights.

Defendants seem to acknowledge that Plaintiffs are not seeking the same type of relief at issue in *DOE*, but argue that seeking to enjoin enforcement of grant-termination policies and other conditions on federal funds is the functional equivalent. That is wrong. Federal district courts routinely decide challenges like Plaintiffs' claims, as demonstrated by the myriad other cases involving motions to enjoin the federal government from stopping federal funding for unconstitutional reasons. *See, e.g.*, *Agency for Int'l Dev. v. All. for Open Soc'y Int'l, Inc.*, 570 U.S. 205 (2013); *Rumsfeld v. F. for Acad. & Institutional Rts., Inc.*, 547 U.S. 47 (2006). None of these cases even suggested that the constitutional claims at issue should be treated as efforts to enforce

the government's contractual obligations—or as any kind of contract claim, for that matter—that must be filed in the Court of Federal Claims.

Federal district courts plainly have subject matter jurisdiction over constitutional claims—like those at issue in Plaintiffs' Motion—when they are ripe, as Plaintiffs' claims are here. Nothing in the per curiam order's analysis of the subject matter jurisdiction issues in *DOE* casts doubt on the Court's clear subject matter jurisdiction in this case.

Second, Defendants suggest—again, without any real explanation—that the per curiam order's discussion of the relative harms, as part of its stay analysis, supports their arguments in this case about the balance of equities and public interest. ECF No. 52, at 2. It does not. For one thing, the per curiam order's analysis in *DOE* did not involve constitutional claims, as Plaintiffs' pending Motion does. That distinction is critical because when a plaintiff shows they are likely to succeed in their constitutional claims, the other preliminary injunction factors typically follow. *See Turner v. U.S. Agency for Glob. Media*, 502 F. Supp. 3d 333, 386 (D.D.C. 2020) ("The Constitution is the ultimate expression of the public interest, and consequently, government actions in contravention of the Constitution are always contrary to the public interest." (cleaned up)).

Even beyond Plaintiffs' constitutional injuries, the balance-of-equities and public-interest factors are highly fact-intensive inquiries that must be performed in each case. Notably, the facts of this case are vastly different than the ones the majority considered in *DOE*. For example, the majority said that the plaintiff States in *DOE* had "represented in this litigation that they have the financial wherewithal to keep their programs running." Ex. A at 2. Plaintiffs here have alleged the opposite: that loss of federal funding is an existential threat to their operations. *See, e.g.*, ECF 29-1 at 39–40 (stating that "[t]he Executive Orders threaten to cut off Plaintiffs' funding, which would require Plaintiffs to reduce programming, lay off staff, and curtail vital services to

vulnerable communities, thus frustrating Plaintiffs' organizational programs," citing facts from Plaintiffs' declarations). Thus, the majority's cursory statements about the stay factors in *DOE* should have no bearing on the Court's analysis of the preliminary injunction factors under the circumstances of this case.

In sum, the per curiam order in *DOE* is not relevant in either of the ways that Defendants suggest. It is thus not instructive to the Court's adjudication of Plaintiff's Motion.

Dated: April 8, 2025

Respectfully submitted,

/s/ Stacey K. Grigsby

| | |
|---|---|
| Jin Hee Lee, DC Bar No. 1740850<br>Gabriel Diaz, DC Bar No. 991618<br>Donya Khadem, DC Bar No. 1719557<br>NAACP LEGAL DEFENSE &<br>    EDUCATIONAL FUND, INC.<br>700 14th Street NW, Suite 600<br>Washington, DC 20005<br>(202) 682-1300<br>jlee@naacpldf.org<br>gdiaz@naacpldf.org<br>dkhadem@naacpldf.org | Stacey K. Grigsby, DC Bar No. 491197<br>Sarah E. Harrington, DC Bar No. 219218<br>Alison DiCiurcio, DC Bar No. 1601410<br>COVINGTON & BURLING LLP<br>850 Tenth Street, NW<br>Washington, DC 20001<br>(202) 662-6000<br>sgrigsby@cov.com<br>sharrington@cov.com<br>adiciurcio@cov.com |
| Leah Wong<br>NAACP LEGAL DEFENSE &<br>    EDUCATIONAL FUND, INC.<br>40 Rector Street, 5th Floor<br>New York, NY 10006<br>(212) 965-2200<br>lzwong@naacpldf.org | Nicholas E. Baer, DC Bar No. 1672517<br>James H. Fitch, DC Bar No. 1780894<br>COVINGTON & BURLING LLP<br>620 Eighth Avenue<br>New York, NY 10018<br>(212) 841-1000<br>nbaer@cov.com<br>jhfitch@cov.com |

Camilla B. Taylor, DC Bar No. IL0098
Kenneth D. Upton, Jr., DC Bar No. 1658621
LAMBDA LEGAL DEFENSE AND
    EDUCATION FUND, INC.
3656 North Halsted Street
Chicago, IL 60613
(312) 605-3225
ctaylor@lambdalegal.org
kupton@lambdalegal.org

Jose Idio Abrigo
LAMBDA LEGAL DEFENSE AND
    EDUCATION FUND, INC.
120 Wall Street, 19th Floor
New York, NY 10005
(646) 307-7406
jabrigo@lambdalegal.org

Pelecanos
LAMBDA LEGAL DEFENSE AND
    EDUCATION FUND, INC.
800 South Figueroa Street, Suite 1260
Los Angeles, CA 90017*
(323) 370-6909
pelecanos@lambdalegal.org

*Address for mailing purposes only

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on April 8, 2025, the foregoing Plaintiffs' Response to Defendants' Notice of Supplemental Authority was filed through the CM/ECF system and sent electronically to the participants identified on the Notice of Electronic Filing.

    /s/ Stacey K. Grigsby
Stacey K. Grigsby (DC Bar No. 491197)
Covington & Burling LLP